UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

D-1   MICHAEL McGUIRE,
D-2   WILLIAM SMITH, and
D-3   JOSEPH HUBBARD,

Defendants.
_____/

Case:2:12-cr-20785
Judge: Hood, Denise Page
MJ: Whalen, R. Steven
Filed: 11-29-2012 At 04:13 PM
INDI USA V. SEALED MATTER (TAM) 3 D
FTS

VIO.: 18 U.S.C. §1349 -
Conspiracy To Commit Financial
Institution Fraud

# INDICTMENT

## THE GRAND JURY CHARGES:

### GENERAL ALLEGATIONS

At all times pertinent to this Indictment:

1. Union Federal Savings Bank, Richland State Bank, Union Bank of California, RBS Citizens Bank, PNC Bank, Charter One Bank, and Union Federal Savings Bank, were financial institutions as defined by Title 18, United States Code, Section 20. Each provided student loans to individuals who were enrolled in qualified, education programs.

2. Individuals seeking student loans submitted applications over the internet, by facsimile (fax) by mail, or by telephone.

3. Each person applying for a student loan was required to submit an application which stated, among other things, that he/she was enrolled in an approved educational program. Additionally, each applicant identified his/her enrollment status as a full-time or part-time student, current grade level, field of study, anticipated graduation date, and the academic period for which the loan was sought. Each applicant also acknowledged that the information provided in the application was true and accurate to the best of his/her knowledge.

4. Applicants agreed to the use the borrowed funds only for qualified education expenses, which included tuition and fees, books, supplies, and certain subsistence expenses.

5. Applicants also certified that they had not obtained and did not plan to obtain a student loan from another lender for the same enrollment period.

6. The statements and representation listed in paragraphs 3, 4, and 5 above were material.

7. Many of the student loans required a co-borrower, that is, a person who would be responsible for repayment of the loan in the event of delinquency or default by the primary borrower.

8. Once loans were approved, borrowers and co-borrowers were required to sign a promissory note prior to the disbursement of funds.

9. Lenders disbursed loan funds for student loans by sending checks to borrowers through the United States Mail.

## THE SCHEME

During the approximate period beginning in June 2006 and continuing through February 2008, in the Eastern District of Michigan, and elsewhere, defendants MICHAEL McGUIRE, WILLIAM SMITH, JOSEPH HUBBARD, and others, both known and unknown, engaged in a scheme to obtain funds which were in the care, custody, and control of financial institutions, by means of material false and fraudulent representations. Participants in the scheme submitted applications for student loans and assisted others in submitting applications for student loans. The loan applications contained materially false information, including but not limited to the anticipated use of borrowed funds, and the number of other student loans sought and obtained by the borrower for the same enrollment period. The financial institutions approved and funded the loans.

Participants did not use the funds as required by the terms of the loans, but instead used the funds for purposes unrelated to education expenses.

### Michael McGuire

In furtherance of the scheme to defraud and to obtain money by means of false and fraudulent pretenses, representations, and promises, Michael McGuire submitted applications for student loans based on materially false information, including but not limited to the intended use of the funds, and the number of other student loans which he had sought and obtained from other lenders for the same enrollment period. Once student loan proceed checks were received by Michael McGuire, he would deposit the funds into accounts at various financial institutions. Thereafter, Michael McGuire would withdraw the funds from the accounts which he would use for purposes unrelated to educational expenses. Michael McGuire, with intent to defraud and to obtain money by means of false and

3

fraudulent, pretenses, representations, and promises, submitted applications in his name and received funding for the below-listed loans:

| Disbursement Date | Borrower | Co-Borrower | Lender | Amount |
|---|---|---|---|---|
| 07-31-06 | M. McGuire | M.N. | Charter One Bank | $14,760.00 |
| 08-08-06 | M. McGuire | M.N. | PNCBank | $13,390.00 |
| 01-11-07 | M. McGuire | G.F. | Richland State Bank | $21,000.00 |
| 05-21-07 | M. McGuire | G.F. | PNC Bank | $27,000.00 |
| 05-28-07 | M. McGuire | J. Hubbard | Union Bank of California | $26,250.00 |
| 07-18-07 | M. McGuire | | Richland State Bank | $24,658.00 |
| TOTAL | | | | $127,058.00 |

Michael McGuire also recruited individuals who provided him with their personal identifying information, including but not limited to names, addresses, dates of birth, and Social Security numbers, which he and others used to submit student loan applications in the names of said persons. Once, student loan proceed checks were received, recipients would deposit the checks into accounts at various financial institutions at the direction of Michael McGuire. Proceeds would then be withdrawn and used by participants in the scheme for purposes which were unrelated to educational expenses.

### William Smith

William Smith participated in the scheme by completing and submitting, and by assisting others in completing and submitting student loan applications based on materially false information, including but not limited to the intended use of the funds, and the number of other student loans which he had sought and obtained from other lenders for the same enrollment period. William Smith, with intent to defraud and to obtain money by means of false and fraudulent, pretenses,

4

representations, and promises, also provided his personal identifying information to others who would submit student loan applications which contained materially false information on his behalf. Once student loan proceed checks were received, William Smith would deposit the funds into accounts at various financial institutions. Thereafter William Smith would withdraw the funds which he and other participants in the scheme would use for purposes unrelated to educational expenses. William Smith participated in the completion and submission of the below-listed applications which were approved and for which funds were disbursed:

| Disbursement Date | Borrower | Co-Borrower | Lender | Amount |
|---|---|---|---|---|
| 09-28-06 | W. Smith | K.C. | PNC Bank | $28,000.00 |
| 01-09-07 | W. Smith | G.F. | Richland State Bank | $22,000.00 |
| 01-16-07 | W. Smith | G.F. | Union Bank of California | $26,000.00 |
| 05-18-07 | W. Smith | G.F. | PNC Bank | $27,525.00 |
| 07-09-07 | W. Smith | J. Hubbard | Richland State Bank | $26,533.00 |
| 10-15-07 | W. Smith | G.F. | Union Bank of California | $24,000.00 |
| **TOTAL** | | | | **$154,058.00** |

William Smith also recruited individuals who provided him with their personal identifying information, including but not limited to names, addresses, dates of birth, and Social Security numbers. William Smith and others, with intent to defraud and to obtain money by means of false and fraudulent, pretenses, representations, and promises, would use the information to submit student loan applications in the names of said persons. Once, student loan proceed checks were received, recipients would deposit the checks into accounts at various financial institutions. Thereafter, proceeds would be withdrawn and used by participants in the scheme for purposes which were unrelated to educational expenses.

## Joseph Hubbard

Joseph Hubbard participated in the scheme by providing his personal identifying information to others who would then list Joseph Hubbard as a co-borrower on student loan applications, as listed below. Joseph Hubbard knew and intended that the applications contained materially false information, including but not limited to the intended use of the funds, and the number of other student loans which borrowers had sought and obtained from other lenders for the same enrollment period. Once student loan proceed checks were received, Joseph Hubbard would endorse the checks as the co-borrower. The checks would then be deposited into accounts at various financial institutions. Thereafter, proceeds would be withdrawn and used by him and by other participants in the scheme for purposes which were unrelated to educational expenses.

| Disbursement Date | Borrower | Co-Borrower | Lender | Amount |
|---|---|---|---|---|
| 05-28-07 | M. McGuire | J. Hubbard | Union Bank of California | $26,250.00 |
| 06-07-07 | T.D. | J. Hubbard | Union Bank of California | $25,500.00 |
| 06-20-07 | T.S. | J. Hubbard | RBS Citizens Bank | $20,000.00 |
| 06-27-07 | T.D. | J. Hubbard | RBS Citizens Bank | $27,000.00 |
| 06-28-07 | S.N. | J. Hubbard | PNC Bank | $23,760.00 |
| 07-05-07 | T.D. | J. Hubbard | Richland State Bank | $26,000.00 |
| 07-09-07 | W. Smith | J. Hubbard | Richland State Bank | $26,533.00 |
| 07-18-07 | M. McGuire | J. Hubbard | Richland State Bank | $24,658.00 |
| 08-03-07 | T.B. | J. Hubbard | Union Federal Savings Bank | $24,369.00 |
| TOTAL | | | | $224,070.00 |

Joseph Hubbard also transported other participants in the scheme to educational institutions to assist them in enrolling as students and to assist them in obtaining student identification, thereby allowing the individuals to apply for and obtain student loans. Also, in furtherance of the scheme, Joseph Hubbard transported other participants to financial institutions where they would open accounts and deposit proceeds from student loan checks. Thereafter, as Joseph Hubbard knew, participants in the scheme would direct individuals to withdraw funds from the accounts which would then be used for purposes unrelated to educational expenses.

## COUNT ONE
### D-1 MICHAEL McGUIRE
### D-2 WILLIAM SMITH
### D-3 JOSEPH HUBBARD
### 18 U.S.C. §1349 -
### *Conspiracy To Commit Financial Institution Fraud*

The General Allegations and the Scheme are incorporated by reference as if set forth in full herein.

Beginning in July 2006, and continuing through May 2008, said time period being approximate, in the Eastern District of Michigan, and elsewhere, defendants MICHAEL McGUIRE, WILLIAM SMITH, JOSEPH HUBBARD, and others, both known and unknown, did combine, conspire, confederate and agree with each other and with others, to knowingly and intentionally obtain funds which were under the custody and control of financial institutions, by means of materially false and fraudulent pretenses, representations and promises; that is, defendants MICHAEL McGUIRE, WILLIAM SMITH, and JOSEPH HUBBARD, submitted and assisted others in submitting applications for student loans, said applications containing materially false and fraudulent information, including but not limited to the intended use of the funds, and the number

of other student loans which borrowers and co-borrowers had sought and obtained from other lenders for the same enrollment period.

All in violation of Title 18, United States Code, Section 1349.

**THIS IS A TRUE BILL.**

*/s/Grand Jury Foreperson*
**Grand Jury Foreperson**

**BARBARA L. McQUADE**
United States Attorney

*/s/ Cynthia Oberg*
**CYNTHIA OBERG**
Chief, White-Collar Crimes Unit
Assistant United States Attorney

*/s/Stanley J. Janice*
**STANLEY J. JANICE**
Assistant United States Attorney
211 W. Fort, Suite 2001
Detroit, MI 48226
Tel: 313.226.9740
email: lee.janice@usdoj.gov

Dated: November 29, 2012

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover | Case: 2:12-cr-20785<br>Judge: Hood, Denise Page<br>MJ: Whalen, R. Steven<br>Filed: 11-29-2012 At 04:13 PM<br>INDI USA V. SEALED MATTER (TAM) 3 D<br>FTS |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

## Reassignment/Recusal Information
This matter was opened in the USAO prior to August 15, 2008   [X]

| Companion Case Information | Companion Case Number: 12-CR-20754 |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: JOHN CORBETT O'MEARA |
| ☐ Yes    ☐ No | AUSA's Initials: SJJ |

Case Title: USA v. Michael McGuire et. al.

County where offense occurred: Jackson

Check One:   **x** Felony     ☐ Misdemeanor     ☐ Petty

__X__ Indictment/____ Information --- **no** prior complaint.
____ Indictment/____ Information --- based upon prior complaint [Case number: ]
____ Indictment/____ Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** _____   **Judge:** _____

☐ Original case was terminated; no additional charges or defendants.
☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

November 29, 2012
_____
Date

STANLEY J. JANICE (P-25999)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3277
Phone: (313) 226-9740
Fax: (313) 226-2873
E-Mail address: lee.janice@usdoj.gov

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

10/13/09